IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00030-FDW

| | |
|---|---|
| CHESTER LAMBERT LILLEY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW WARRREN; )<br>CRAIG DANCY, Lt., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

## I.     BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who was convicted on April 29, 2015, in Wilkes County Superior Court following his guilty plea to charges of possession with intent to sell Schedule VI substances; the sale of Schedule VI substances; and the manufacturing of Schedule VI substances. Plaintiff's release date is October 25, 2016.[1]

In his complaint, Plaintiff contends that Defendant Andrew Warren, who was his court-appointed attorney, and Lieutenant ("Lt.) Dancy, who was the investigating officer, conspired to secure his conviction by fabricating evidence, and that he was subject to an unlawful arrest by Lt. Darcy. Plaintiff also maintains that Defendant Warren failed to obtain a reduction in his bond and share discovery with him in a timely manner; Plaintiff contends that once he received his discovery it revealed that "the charges was padded." (5:16-cv-00030, Doc. No. 1: Compl. at 3).

---

[1] The information regarding Plaintiff's criminal convictions was drawn from the complaint and from the website maintained by the North Carolina Department of Public Safety (DPS).

1

Plaintiff also complains that Defendant Warren pressured him into accepting a guilty plea: "[Warren] stated that they made a plea + a threat. I had to take it right then or be indicted as a habitual." (Id.). In his claim for relief, Plaintiff seeks monetary damages and an order overturning his convictions. (Id. at 4).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

It is well-settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief for an allegedly unconstitutional conviction or imprisonment without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Thus, the Court must consider whether a judgment

in Plaintiff's favor would necessarily imply the invalidity of his convictions. If it would, then the Court must dismiss the complaint unless Plaintiff can demonstrate that one or more of the convictions have been set aside or vacated. Heck, 512 U.S. at 487.

According to the complaint and the DPS website, Plaintiff is presently confined in Central Prison in Raleigh on the state convictions outlined above; therefore it does not appear that the convictions have been vacated or set aside. Consequently, the claims for damages for an unconstitutional conviction and for an order overturning the convictions will be dismissed

The claims against Defendant Warren will likewise be dismissed. Section 1983 claims are limited to individuals that are acting under color of state law and Defendant Warren, as a court-appointed attorney – at least on the facts presented here – was not acting under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-121 (1981) (finding that privately retained or publicly appointed lawyers do not become a state actor under § 1983 by virtue of their representation). Although Plaintiff may be dissatisfied with his attorney's representation, that does not transform him into a state actor.

The complaint against Lt. Darcy will also be dismissed because Plaintiff pleaded guilty and therefore admitted that he was responsible for the illegal substances which were recovered, and this undermines any contention that evidence was fabricated. In addition, by pleading guilty Plaintiff waived his right to contest the legality of his arrest and subsequent search. Finally, to conclude that Lt. Darcy committed constitutional violations is to challenge the legality of Plaintiff's convictions and sentence. As noted, such a claim is barred because there is no evidence that his convictions have been overturned or his sentence vacated.

Plaintiff's challenge to the legality of convictions or sentence sounds in habeas, therefore the Court will caution him that he should bring those claims, if at all, through a petition pursuant

to 28 U.S.C. § 2254.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Under North Carolina law, there are some circumstances where a defendant has no statutory right to appeal following a guilty plea. See State v. Watson, 212 N.C. App. 424, 2011 N.C. App. LEXIS 1352, at *3 (N.C. Ct. App. 2011) (citing N.C. Gen. Stat. § 15-1444: "enumerating the circumstances under which a defendant may appeal following a plea of guilty."). If it is assumed that Plaintiff had no right to appeal his judgment then it would have become final on April 29, 2015, and he therefore has one year from that date to file a habeas petition which is April 29, 2016.

However, Plaintiff is notified that he must first exhaust his state remedies before filing a § 2254 petition. The AEDPA provides as follows:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears

4

that—

>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
>
>> (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

There is no indication in this record that Petitioner has ever presented any challenge to his State judgment on direct appeal or through a motion for appropriate relief. Accordingly, Plaintiff should first present his challenges to his judgment in state court.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has not demonstrated that he is entitled any relief in this § 1983 proceeding and his complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk of Court is respectfully directed to mail Petitioner two blank § 2254 petition forms along with a copy of this order and to close this civil case.

**SO ORDERED**.

Signed: March 10, 2016

Frank D. Whitney
Chief United States District Judge